IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 AUG 17 AM 9:13

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. TN, JACKSON

HUBERT RAY MATTHEWS, SR., )
as Power of Attorney of Hubert Ray )
Matthews, Jr., an incapacitated person, )
    )
    Plaintiff, )
    )
VS. ) No. 05-1091-T-An
    )
KINDRED HEALTHCARE, INC., )
et al., )
    )
    Defendants. )

## ORDER GRANTING DEFENDANTS' MOTION TO CLARIFY

On June 15, 2005, the court granted the motions to stay the action.[1] The court stayed the action for sixty (60) days to allow alternate dispute resolution to proceed. If, at the end of the sixty-day period, the matter had not been resolved, the court stated that Defendants would be allowed fifteen (15) days in which to respond to Plaintiff's motion to remand.

Defendants have now filed a motion to clarify the order granting the motions to stay. Defendants contend that (1) Plaintiff is unwilling to participate in alternate dispute resolution and (2) the procedures set forth in the agreement for alternate dispute resolution purportedly signed by the parties cannot be implemented in the sixty-day time period set by

---

[1] Plaintiff moved the court to stay the action until the motion to remand has been decided, while Defendants moved to stay the action pending alternate dispute resolution.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 8/17/05

25

the court.

Plaintiff has filed a response in which he objects to Defendants' statement that he is unwilling to participate in alternate dispute resolution. According to Plaintiff, this statement is untrue, and he is, in fact, "ready and willing to mediate this matter." Plaintiff's Response at p.2. The court is not required to resolve this factual dispute since both parties are in agreement that alternate dispute resolution should proceed. Because there has been a disagreement concerning Plaintiff's willingness to proceed, the court will allow the parties additional time. The parties will have sixty (60) days from the entry of this order in which to mediate.

Defendants also seek clarification as to whether the procedures set forth in the ADR agreement must be used. Plaintiff contests the validity of the ADR agreement, and the court has not yet ruled on this issue. Consequently, the parties will not be bound by the ADR agreement during the sixty-day mediation period.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_16 August 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 1:05-CV-01091 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Richard E. Circeo
WILKES & MCHUGH
119 S. Main Street
Ste. 450
Memphis, TN 38103

Paul Newmon
 99 Court Square, STE 103
Huntingdon, TN 38344

Honorable James Todd
US DISTRICT COURT