IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HUBERT RAY MATTHEWS, SR., as Power of Attorney of Hubert Ray Matthews, Jr., an incapacitated person, ) ) ) ) | |
| Plaintiff, ) ) | |
| VS. ) ) | No. 05-1091-T-An |
| KINDRED HEALTHCARE, INC., et al., ) ) ) ) | |
| Defendants. ) | |

## ORDER DENYING MOTION FOR
## ENTRY OF DEFAULT AND DEFAULT JUDGMENT

On November 3, 2005, Plaintiff filed a motion for entry of default and for a default judgment against Defendants Anthony Mays and Kindred Nursing Centers East, LLC. On November 9, 2005, Defendants filed a response to Plaintiff's motion, stating that the names of these defendants were accidently omitted from Defendants' second motion to dismiss or, alternatively, for summary judgment. Defendants also state that these defendants participated in voluntary mediation with Plaintiff.

There is a strong public policy, supported by the concept of fundamental fairness, in favor of trial on the merits. See United Coion Meter Co., Inc., v. Seaboard Coastline RR., 705 F.2d 839, 846 (6th Cir. 1983). See also Swink v. City of Pagedale, 810 F.2d 791 (8th

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 12/1/05

Cir.1987), *cert. denied*, 483 U.S. 1025 (1987); Jackson v. Beech, 636 F.2d 831(D.C. Cir.1980). As a consequence, judgment by default is a "drastic remedy" which should be used only in "extreme situations." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d*, § 2693; Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.1968), *cert. denied*, 392 U.S. 928 (1968).

Consequently, when a defendant appears and indicates a desire to contest an action, a court, in its discretion, may refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d, supra*. Default judgments are not favored and is appropriate only when there has been a "clear record of delay or contumacious conduct." Id. (citing United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128 (8th Cir.1993)).

In the present case, Defendants' failure to answer in a timely manner was not willful. Furthermore, Plaintiff has not demonstrated that he has been prejudiced by the belated answer. Accordingly, Plaintiff's motion for entry of default and for default judgment is DENIED.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

29 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 1:05-CV-01091 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Paul Newmon
 99 Court Square, STE 103
Huntingdon, TN 38344

Richard E. Circeo
WILKES & MCHUGH
119 S. Main Street
Ste. 450
Memphis, TN 38103

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Honorable James Todd
US DISTRICT COURT