# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

HUBERT RAY MATTHEWS, SR.,     )
as Power of Attorney of Hubert Ray     )
Matthews, Jr., an incapacitated person,     )
     )
     Plaintiff,     )
     )
VS.     )     No. 05-1091-T-An
     )
KINDRED HEALTHCARE, INC.,     )
et al.,     )
     )
     Defendants.     )

---

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

---

Plaintiff Hubert Ray Matthews, Sr. ("Matthews, Sr."), filed this action in the Circuit

Court of Carroll County, Tennessee, on behalf of his son, Hubert Ray Matthews, Jr.

("Matthews, Jr."), to recover for personal injuries allegedly sustained while Matthews, Jr.,

was a patient at Defendants' rehabilitation facility.   On March 25, 2005, Defendants

removed the action to this court with jurisdiction predicated on diversity of citizenship, 28

U.S.C. § 1332.  Before an answer was filed, Plaintiff filed an amended complaint, adding

as a defendant, Anthony Mays, a Tennessee resident, who was the administrator of

Defendants' nursing home during the relevant events.[1]   Plaintiff then filed a motion to

---

[1] Rule 15(a) permits a plaintiff to amend his complaint without leave of court "before a responsive pleading is served." Fed. R. Civ. P. 15(a).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___12/12/05___

remand the action to the state court on the ground that diversity of citizenship is lacking because Plaintiff and Mays are Tennessee citizens. On June 15, 2005, the court stayed the action to allow alternate dispute resolution to proceed. Defendants have notified the court that the alternate dispute resolution was not successful and have filed a response to Plaintiff's motion to remand. For the reasons set forth below, Plaintiff's motion to remand is GRANTED.

<u>Motion to Remand</u>

Under 28 U.S.C. § 1441, in the absence of federal question jurisdiction, a civil action filed in a state court may be removed if the federal district court would have had original jurisdiction and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b). Section 1332 provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 " and the matter is between citizens of different states. 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless **each** defendant is a citizen of a different state from **each** plaintiff." <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978) (footnote omitted) (emphasis in original).

On the face of the amended complaint, diversity of citizenship is lacking, as Plaintiff has joined Mays as a defendant. Defendants, however, contend that Mays was fraudulently

joined, so that his presence in this action does not defeat diversity jurisdiction. Defendants rely on 28 U.S.C. § 1447(e) which provides that, after removal, if a "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2]  Under § 1447(e), the decision as to whether to permit joinder of a defendant is committed to the discretion of the district court. 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (3rd ed. 1998).  According to Defendants, there are no specific allegations in the complaint against Defendant Mays.

A federal court may retain removal jurisdiction if a resident party was fraudulently joined, such that an unnecessary party was added merely to avoid federal jurisdiction. Ennis v. Queen Ins. Co. of America, 364 F. Supp. 964, 966 (W.D. Tenn. 1973) (citing Nunn v. Feltinton, 294 F.2d 450 (5th Cir. 1961)).  Joinder may be deemed fraudulent for purposes of removal if the plaintiff fails to state a cause of action against the defendant according to the law of that state. Ennis, 364 F. Supp. at 966 (citations omitted).  Under the fraudulent joinder doctrine, a case in which the plaintiff has sued a non-diverse party against whom he cannot recover is treated as if it were a diversity case.  Cofer v. Horsehead Research & Development Co., 805 F. Supp. 541, 544 (E.D. Tenn. 1991).

To prove fraudulent joinder, the removing party must present sufficient evidence that

---

[2] Although Plaintiff could add Mays as a defendant without leave of court pursuant to Fed. R. Civ. P. 15(a), the court may still deny joinder under § 1447(e). See Mayes v. Rapoport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999) (When an amendment will destroy diversity, analysis should proceed under § 1447(e), rather than under Rule 15(a)).

a plaintiff could not have established a cause of action against the non-diverse defendant. Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994). However, if the plaintiff has a colorable basis for recovering against the non-diverse defendant, the court must remand the action to state court. The district court should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." Id. See also Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the action must be remanded to state court.)

All doubts as to the propriety of removal are resolved in favor of remand. Alexander, 13 F.3d at 949. The court should disregard any inquiry into plaintiff's actual motive in joinder. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). The burden of proving fraudulent joinder is placed on the party asserting the existence of complete diversity. Alexander, 13 F.3d at 949.

Despite Defendants' assertion that there are no specific allegations in the complaint against Defendant Mays, Plaintiff has alleged that Defendant Mays failed to: adequately assess, evaluate, and supervise nursing personnel; ensure that Plaintiff's son was provided with basic and necessary care and supervision; failed to adequately hire, training, supervise, and retain a sufficient amount of competent and qualified staff; failed to properly assign nursing personnel to ensure that Plaintiff's son received the necessary care. Clearly, these allegations are specific to Defendant Mays.

4

This court was previously confronted with this same issue against the same defendants in <u>Barkley v. Kindred Healthcare, Inc.</u>, 04-1344.[3] In an order entered on April 20, 2005, the court found as follows:

> In this case, plaintiff alleges that Shrader, as a licensed nursing home administrator, breached his duty of reasonable care by failing to ensure that appropriate care and services were provided to, and failing to prevent the neglect of, Ms. Alsup. Plaintiff alleges that this breach of reasonable care included the failure to train and supervise nurses and nurses' aides and failure to hire sufficient nurses and nurses' aides. As a result of this failure, Ms. Alsup allegedly was not given the care she required. The amended complaint sets out, in detail, various acts and omissions that allegedly constituted negligence on the part of Shrader.
>
> The defendants first argue that, under Tennessee law, a manager may not be held vicariously liable under the doctrine of *respondeat superior* for the acts of an employee, citing <u>Parker v. Vanderbilt Univ.</u>, 767 S.W.2d 412 (Tenn. Ct. App. 1988). In <u>Parker</u>, the Tennessee Court of Appeals held that the hospital's Chief of Anesthesiology, Dr. Alcantara, could not be held vicariously liable for the negligent acts of a nurse anesthetist working under protocols that Dr. Alcantara had developed. The complaint had alleged no acts of negligence by Dr. Alcantara himself, he was not present in the operating room during the operation in question, and did not oversee or direct the nurse anesthetist's actions. <u>Id.</u> at 416-17. However, the Court of Appeals recognized that a supervisor could be held liable "if his personal negligence . . . was the efficient cause or a coefficient cause of the injury." <u>Id.</u> at 418 (quoting <u>Brown & Sons Lumber Co. v. Sessler</u>, 163 S.W. 812, 813-814 ( Tenn. 1914)).
>
> The defendants contend that there is "no substantive difference" between the position of Dr. Alcantara in <u>Parker</u> and defendant Shrader in this case. Defendants argue that plaintiff has alleged no personal acts of negligence against Shrader, merely "passive" allegations of negligence against him in his capacity as an administrator. The Court disagrees. Plaintiff's amended complaint does, in fact, contain allegations of personal negligence by defendant Shrader. Among other acts and omissions, plaintiff alleges that

---

[3] Defendants were represented by the same attorneys in <u>Barkley</u> as they are in this case.

Shrader failed to adequately supervise, train and evaluate the Pine Meadow nursing staff so as to ensure that Ms. Alsup was adequately cared for, failed to assign duties to the Pine Meadow nursing staff consistent with their education and experience and Ms. Alsup's needs, and failed to hire sufficient nursing staff to adequately meet Ms. Alsup's needs. (Amended Compl. ¶ 46.)

Defendants also contend that plaintiff is attempting to allege a cause of action pursuant to certain Tennessee statutes and regulations governing nursing home administrators. Defendants argue that these statutes and regulations do not create a private right of action under Tennessee law. However, the Court finds nothing in the portion of the amended complaint setting out the cause of action against Shrader to indicate that plaintiff is attempting to assert any such private right of action. On the contrary, plaintiff's cause of action is clearly designated as negligence. Plaintiff contends that the statutes and regulations in question, with which Shrader is required to comply, establish a duty and a standard of conduct for nursing home administrators.

The Court has found no reported Tennessee cases, and the parties have cited none, addressing the duty of care that a nursing home administrator owes to the facility's residents. Nevertheless, the Court is unwilling to conclude that there is no reasonable basis for the Tennessee courts to hold that a nursing home administrator owes a duty to the residents of that facility to provide adequate care through compliance with applicable statutes and regulations. Consequently, the Court finds that there is a colorable basis for predicting that the plaintiff could recover against Shrader, and that he was not fraudulently joined.

Barkley Order 4/20/05 at pp. 3-5 (footnote omitted). This court then remanded the action to the state court. Id. at p. 6. For the same reasons set forth in Barkley, the court rejects Defendants' arguments. Because diversity no longer exists among the parties, a remand to state court is warranted.

## Order to Show Cause

Although Defendants have made the same arguments and cited the same law in the

present case as they did in <u>Barkley</u>, Defendants did not acknowledge <u>Barkley</u> in their response to Plaintiff's motion to remand or bring to the court's attention that it had already issued a ruling adverse to Defendants' position less than one month before Plaintiff filed his motion to remand on May 18, 2005.

Also of great concern is the fact that other courts in this district have ruled against Defendants on the issue of whether Defendants' administrator had been fraudulently joined to defeat diversity, and those rulings have neither been cited nor acknowledged by Defendants. On April 25, 2005, Judge Bernice Donald remanded <u>Petties v. Kindred Healthcare, Inc.</u>, 04-2996, to the state court. On June 2, 2005, Judge J. Daniel Breen remanded <u>Shoemaker v. Kindred Healthcare, Inc.</u>, 04-2835, to the state court. Judge Breen relied, in part, on <u>Barkley</u> and <u>Petties</u> in reaching his decision. Judge Breen was again presented with the same issue and granted the plaintiff's motion to remand in <u>Owens v. Kindred Healthcare, Inc.</u>, 04-2928 (9/27/05); <u>Conner v. Kindred Healthcare, Inc.</u>, 05-2043 (6/27/05); <u>Smith v. Kindred Healthcare, Inc.</u>, 05-2106 (11/2/05); <u>Westbrook v. Kindred Healthcare, Inc.</u>, 05-2118 (9/27/05). In <u>McKinney v. Kindred Healthcare, Inc.</u>, 05-2222, on June 13, 2005, Judge Samuel H. Mays granted the plaintiff's motion to remand. The issue in that case, as in the present case, was whether the administrator of the nursing home had been fraudulent joined to defeat diversity jurisdiction. In their response to the motion to remand, Defendants made the same arguments and cited the same case law as they did in the <u>Barkley</u> case and in the present case. However, they did not bring <u>Barkley</u> or any other

7

adverse decision to Judge Mays' attention.

Defendants' response to Plaintiff's motion to remand was filed on October 28, 2005, several months after the rulings cited above. Even if Defendants did not agree with the rulings, they were under an obligation to bring them to the court's attention, particularly since those cases were indistinguishable from the present case. See Jewelpak Corp. v. United States, 297 F.3d 1326, 1333 n. 6 (Fed. Cir. 2002) ("[W]e note our significant dismay at counsel's failure to cite Heraeus-Amersil as controlling (or at the very least, persuasive) authority in his opening brief. Although counsel subjectively may have believed that another case was more persuasive, officers of our court have an unfailing duty to bring to our attention the most relevant precedent that bears on the case at hand--both good and bad-- of which they are aware."; Beaver v. Grand Prix Karting Ass'n, Inc., 246 F.3d 905, 911 n. 2 (7th Cir.2001) (admonishing counsel for relying on precedent that had been reversed without so indicating, a "failure [that] can result in sanctions.")); Transamerica Leasing v. Compania Anonima Venezolana de Navegacion, 93 F.3d 675, 676 (9th Cir. 1996) (recognizing duty to disclose adverse authority is especially important in the federal district courts); Riley v. Dorton, 93 F.3d 113, 116 n.4 (4th Cir. 1996)  (reversing court decision with case not cited by either party, after court conducted independent research and noting lack of citation to contrary authority); White v. Carlucci, 862 F.2d 1209, 1213 (5th Cir. 1989) (admonishing attorney for failure to cite adverse precedent from controlling jurisdiction).  See also Fieldturf, Inc. v. Southwest Recreational, 212 F.R.D. 341, 344 n. 3 (E.D. Ky. 2003)

8

("Plaintiffs will be well served to remember their ongoing obligation to provide to the Court all relevant authority on an issue, for and against their stated position. While good faith efforts to distinguish a situation from those in which the law is well settled and efforts to evolve the law based on reason and experience are appreciated, attempts to blindside the Court through failure to bring relevant, binding, and instructive authority to the Court's attention are injurious to the administration of stare decisis.")

Furthermore, Rule 3.3 (a) (2) of the Tennessee Rules of Professional Conduct, Tennessee Supreme Court Rule 8, provides that a lawyer shall not "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

Defendants are hereby ORDERED to show cause within twenty (20) days of the entry of this order why they did not bring the adverse rulings cited above to the court's attention. The court will then determine if sanctions are warranted against Defendants for their lack of candor, including whether Defendants' actions should be reported to the Tennessee Board of Professional Responsibility.[4]

---

[4] Serious sanctions for the violation of the obligation to cite directly contrary authority are usually limited to cases in which the lawyer or his associates were involved in the development of the prior precedent, as in the present case. See, e.g., Velazquez v. Figueroa Gomez, 783 F. Supp. 31, 35 (D.P.R. 1991) (defense attorneys given 20 days to explain why they did not cite adverse precedent that lawyers had litigated); Jorgenson v. County of Volusia, 625 F. Supp. 1543, 1547 (D. Fla. 1986) ("The Court finds it reprehensible that plaintiffs' counsel ... omitted Bellanca and Del Percio from the supporting memorandum of law, especially, when he personally represented respondents in Del Percio."). See also Massey v. Prince George's County, 907 F. Supp. 138, 139 (D. Md. 1995).

## Attorney Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), a district court may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney fees is within the district court's discretion. <u>Morris v. Bridgestone/Firestone, Inc.</u>, 985 F.2d 238, 240 (6th Cir. 1993). An award of attorney fees is not appropriate when the attempt to remove the action was "fairly supportable." <u>Ahearn v. Charter Twp. of Bloomfield</u>, 1998 WL 384558 at *2 (6th Cir.). Conversely, "a court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." <u>Id.</u> The court is not required to award attorney fees whenever removal is found to be improper. <u>Id.</u> at *2, n. 2. <u>C.f.</u> <u>General Elec. Capital Auto Lease, Inc., v. Mires</u>, 788 F. Supp. 948, 950 (E.D. Mich.1992) (Award of costs and attorney fees would be punitive rather than compensatory when removal involved a distinction that had never been fully addressed and raised a novel question of interpretation.)

In the present case, Defendants' position is not fairly supported by the law or the facts. Defendants contested the motion to remand knowing that the courts in this district had all taken a contrary position. Moreover, Defendants misstated the facts by contending that the complaint contained no specific allegations against Defendant Mays, even though it clearly did.

Because Defendants had no reasonable basis to contest Plaintiff's motion, an award of attorney fees and costs is appropriate.

10

Conclusion

Because Defendant Mays was not fraudulently joined, Plaintiff's motion to remand [Docket # 14] is GRANTED.

Defendants are ORDERED to show cause within twenty (20) days why they should not be sanctioned for failing to reveal to the court authority that is directly contrary to their position.

Plaintiff will have twenty (20) days from the entry of this order in which to file documentation as to his attorney fees and actual costs associated with the filing of this motion, and Defendants will have twenty (20) days in which to file a response.

After a ruling by this court on the attorney fee issue and the order to show cause, this action will be remanded to the Circuit Court for Carroll County, Tennessee. The clerk will withhold preparation of a judgment until the attorney fee issue and the order to show cause have been decided.

All other pending motions [Docket #s 4, 11, 17, 26, 29, 39] are DENIED as moot and without prejudice to re-filing in state court.

IT IS SO ORDERED.


*James D. Todd*

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

*6 December 2005*

DATE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 1:05-CV-01091 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Paul Newmon
 99 Court Square, STE 103
Huntingdon, TN 38344

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Richard E. Circeo
WILKES & MCHUGH
119 S. Main Street
Ste. 450
Memphis, TN 38103

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Honorable James Todd
US DISTRICT COURT