# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

HUBERT RAY MATTHEWS, SR.,                )
as Power of Attorney of Hubert Ray       )
Matthews, Jr., an incapacitated person,  )
                                         )
      Plaintiff,                        )
                                         )
VS.                                      )            No.  05-1091-T-An
                                         )
KINDRED HEALTHCARE, INC.,                )
et al.,                                  )
                                         )
      Defendants.                       )

---

## ORDER DISMISSING ORDER TO SHOW CAUSE

---

     Plaintiff filed this action in the Circuit Court of Carroll County, Tennessee, on behalf of his son to recover for personal injuries allegedly sustained by his son while he was a patient at Defendants' rehabilitation facility.  Defendants removed the action to this court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332.  Plaintiff filed an amended complaint before an answer was filed.  The amended complaint added as a defendant the administrator of Defendants' facility, who was a Tennessee resident.  Plaintiff then filed a motion to remand the action to the state court on the ground that diversity of citizenship was lacking.

     Although on the face of the amended complaint diversity was lacking, Defendants contended that the administrator was fraudulently joined.  The court rejected Defendants'

This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on ___12/29/05___

argument, and Plaintiff's motion to remand was granted in an order entered on December 12, 2005. In that same order, Defendants were ordered to show cause why they should not be sanctioned for failing to disclose to the court legal authority that was directly contrary to their position. Defendants have now filed their response to the order to show cause, and the court finds that the order to show cause should be dismissed.

Before the court is Defendants' failure to bring to the court's attention other cases decided by the courts in this district that involved the same issue and whether that failure is sanctionable. The issue in the following cases, as well as in the present case, was whether the administrator of Defendants' nursing home had been fraudulently joined as a defendant by the plaintiff in order to defeat diversity jurisdiction: Barkley v. Kindred Healthcare, Inc., 04-1344 (J. Todd 4/20/05); Petties v. Kindred Healthcare, Inc., 04-2996 (J. Donald 4/25/05); Shoemaker v. Kindred Healthcare, Inc., 04-2835 (J. Breen 6/2/05); McKinney v. Kindred Healthcare, Inc., 05-2222 (J. Mays 6/13/05); Conner v. Kindred Healthcare, Inc., 05-2043 (J. Breen 6/27/05); Owens v. Kindred Healthcare, Inc., 04-2928 (J. Breen 9/27/05); Westbrook v. Kindred Healthcare, Inc., 05-2118 (J. Breen 9/27/05) Smith v. Kindred Healthcare, Inc., 05-2106 (J. Breen11/2/05). In each case, Defendants made the same arguments and cited the same law but did not acknowledge or cite the other cases even though Defendants were represented by the same counsel. In each case, the court found that Defendants' administrator had not been fraudulently joined, and the motion to remand was granted.

2

In their response to the show cause order, Defendants contend that the above cited cases were not "directly adverse" and take issue with this court's characterization of the prior cases as "indistinguishable." <u>See</u> Response at p. 7. Defendants' statement splits the legal hair too finely. The court has re-examined Defendants' response to the plaintiff's motion to remand in <u>Barkley</u>. Portions of that brief are <u>identical</u> to the one filed in this case, while the remaining portions of the brief are substantially similar. If the cases are, in fact, distinguishable, the court is puzzled as to why the responses are indistinguishable.

Defendants attempt to distinguish the cases by pointing out that, in the previous cases, the administrator was named in the original complaint and, in this case, the administrator was added after removal. Defendants assert that this distinction created a different "procedural history" that "suggested a higher level of fraudulent joinder on the part of Plaintiff than in cases in which the non-diverse defendant was included in the original complaint" which led to defense counsel's "professional judgment" that the previous cases need not be cited. <u>See</u> Response at p. 8.

Even if the "higher level of fraudulent joinder" is the fact that distinguishes the cases, the court is puzzled as to why Defendant cited none of the previous cases in any of the other previous cases, none of which involved a "higher level of fraudulent joinder." In any event, Defendants' assertion ignores the well-settled rule of law that the court should disregard any inquiry into plaintiff's actual motive in joinder. <u>See</u> <u>Jerome-Duncan, Inc. v. Auto-By-Tel,</u> <u>L.L.C.,</u> 176 F.3d 904, 907 (6th Cir. 1999). However, even if defense counsel is correct that

3

the cases are distinguishable, it was counsel's duty to <u>distinguish</u> them. Certainly,
Defendants would have been better served if their attorneys had attempted to convince the
court that its prior ruling in <u>Barkley</u> should not be followed in the present case.

Defendants also take issue with the court's statement of their position that "there
[were] no specific allegations in the complaint against Defendant Mays." Order at p. 10.
Instead, Defendants state that their position was that there were no specific allegations of
**negligence** against Mays. Response at p. 8 n. 6 (emphasis added). The allegations against
Defendant Mays were grounded in negligence; therefore, the court finds no meaningful
distinction between its statement and Defendants'.

Defense counsel contends that the fact that Plaintiff's counsel did not cite the prior
rulings lends support to its own position that it had no duty to cite those rulings. While
Plaintiff's counsel's failure to cite the prior rulings is surprising, there is no duty to cite
favorable legal authority, and, thus, Plaintiff's counsel's conduct is not relevant in
determining the parameters of defense counsel's duty.

Rule 3.3 (a) (2) of the Tennessee Rules of Professional Conduct, Tennessee Supreme
Court Rule 8, provides that a lawyer shall not "fail to disclose to the tribunal legal authority
in the controlling jurisdiction known to the lawyer to be directly adverse to the position of
the client and not disclosed by opposing counsel." Defendants interpret this rule as requiring
attorneys to disclose <u>controlling</u> legal authority. However, the rule actually requires
attorneys to disclose legal authority in the <u>controlling</u> jurisdiction. This court sits in the

Western District of Tennessee.  Therefore, any legal authority issued by a court in the Western District "known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel" should be disclosed.

As noted by this court in the order to show cause, even if Defendants did not agree with the rulings, they were under an obligation to bring them to the court's attention, particularly since those cases were indistinguishable from the present case.  However, although the court is perplexed by defense counsel's failure to cite the above listed cases, given defense counsel's apology, statements of contrition, and firm assurances that this conduct will not be repeated, the court finds that sanctions are not warranted.  However, defense counsel is admonished that the court will not be so lenient if this conduct ever reoccurs.

Accordingly, the order to show cause is hereby DISMISSED.

IT IS SO ORDERED.


_James D. Todd_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_29 December 2005_____
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 51 in case 1:05-CV-01091 was distributed by fax, mail, or direct printing on December 29, 2005 to the parties listed.

---

Richard E. Circeo
WILKES & MCHUGH
119 S. Main Street
Ste. 450
Memphis, TN 38103

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Paul Newmon
 99 Court Square, STE 103
Huntingdon, TN 38344

Honorable James Todd
US DISTRICT COURT